```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAMELA CARVEL, as Executor of                    :
the Estate of Agnes Carvel, pro se               :
                                                 :
                        Plaintiff,               :   MEMORANDUM & ORDER
                                                 :       06-MC-0005 (DLI)
        -against-                                :
                                                 :
CARVEL FOUNDATION INC.                           :
                                                 :
                        Defendant.               :
------------------------------------------------------------------------X
```

**DORA L. IRIZARRY, U.S. District Judge:**

On January 20, 2006, *pro se* plaintiff Pamela Carvel, as Executor of the Estate of Agnes Carvel, moved to confirm a foreign country money judgment against the Estate of Agnes Carvel. The Thomas and Agnes Carvel Foundation (the "T&A Foundation") and Leonard M. Ross ("Ross"), the Ancillary Administrator c.t.a. of the Estate of Agnes Carvel, (collectively the "Intervenors") oppose plaintiff's motion and cross-move to dismiss this proceeding. On February 10, 2006, the court ordered the plaintiff to show cause as to why (1) the T&A Foundation and Ross should not be granted leave to intervene and (2) this matter should not be dismissed for lack of subject matter jurisdiction. Based on a hearing held on March 9, 2006 and for the following reasons, this matter is dismissed for lack of subject matter jurisdiction.

*Pro se* plaintiff, as executrix of the estate of Agnes Carvel, seeks to confirm a judgment by the High Court of Justice London, England (the "High Court"), ordering "that the sum of £8,085,095.51 be paid from the estate of the late Agnes Carvel" to the plaintiff (the "Foreign Judgment"). Plaintiff further moves "against the assets primarily located in New York belonging to the debtor, the Estate of Agnes Carvel, towards satisfaction of the final judgment of the High

Court . . . ."[1] (Pl's Mot. at ¶ 2.) In their opposition and cross-motion, the Intervenors argue that (1) plaintiff failed to allege a sufficient basis for diversity jurisdiction in her complaint; (2) the Court lacks subject matter jurisdiction over this action; and (3) plaintiff lacks standing to bring such an action.

In the instant case, diversity is the alleged basis for subject matter jurisdiction.[2] Diversity jurisdiction requires that the amount in controversy exceed $75,000 and the parties be completely diverse. 28 U.S.C. § 1332. Here, the Foreign Judgment exceeds the $75,000 amount in controversy required for diversity. Although the allegations concerning citizenship of both plaintiff and defendant are limited and vague, plaintiff asserts that she is the executrix of the Estate of Agnes Carvel, and thus a citizen of London, England. The defendant is a Florida not-for-profit corporation, and thus a Florida citizen for jurisdictional purposes. The court will assume that there is diversity jurisdiction for purposes of deciding this motion. However, irrespective of such an assumption and for the reasons set forth below, this court lack subject matter jurisdiction.

Pursuant to the probate exception to federal diversity jurisdiction, a federal court has no jurisdiction to probate a will or administer an estate even where diversity requirements are met. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 298, 90 L. Ed. 256, 259 (1946); *Dulce v. Dulce*,

---

[1] Although plaintiff brings this action against the Carvel Foundation, a Florida not-for-profit corporation, plaintiff's papers seek to enforce the Foreign Judgment against the New York Estate of Agnes Carvel. (*See* Pl's Mot. at ¶¶ 2, 6).

[2] Plaintiff failed to assert a specific basis for subject matter jurisdiction in her initial filing, but alleged diversity of citizenship as a the basis for subject matter jurisdiction in her affirmation in response to the court's order to show cause. (Pl's Aff'm at ¶ 11.) Because plaintiff is a *pro se* litigant, the court has construed plaintiff's papers broadly, interpreting them to raise the strongest arguments suggested. *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002).

2

233 F.3d 143, 145 (2d Cir. 2000). Although federal courts sitting in equity have jurisdiction to entertain suits of creditors, legatees and heirs and other claimants against a decedent's estate," *Markham*, 326 U.S. at 494, 66 S. Ct. at 298, 90 L. Ed. at 259, they "may not exercise jurisdiction to adjudicate rights in such property where the final judgment" will "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.*

A two-prong inquiry is necessary to determine whether the probate exception to federal diversity jurisdiction is implicated in a particular lawsuit. *Moser v. Pollin*, 294 F.23d 335, 340 (2d Cir. 2002). The first question is whether "the federal district court sitting in diversity [is] being asked to directly probate a will or administer an estate." *Id.* The second is "whether entertaining the action would cause the federal district court to interfere with the probate proceedings or assume general jurisdiction of the probate or control of property in the custody of the state court." *Id.* (internal quotations omitted). "An affirmative answer to either prong requires [] the case be dismissed for lack of subject matter jurisdiction." *Id.*

Here, while the first prong is not satisfied, the second prong is. The plaintiff seeks to domesticate and enforce the Foreign Judgment against the New York Estate of Agnes Carvel – not probate or administer the Estate of Agnes Carvel. (*See* Pl's Mot. at ¶¶ 2, 6). However, the exercise of jurisdiction would inevitably and impermissibly interfere with on-going probate proceedings concerning the Estate of Agnes Carvel. The instant dispute involves whether the Foreign Judgment should be domesticated and have full force and effect in the United States. Not only has this issue has been addressed, either directly or indirectly, by the Florida Circuit Court; the New York State Supreme Court, Nassau County; and the Westchester County Surrogate's Court (the "Surrogate's

3

Court"), the Surrogate's Court has made various custodial and administrative determinations concerning the Estate of Agnes Carvel. Indeed, a trial on issues significantly affecting the New York Estate of Agnes Carvel is scheduled for May 2006 in the Surrogate's Court.

Since the death of Thomas Carvel ("Thomas"), the soft ice cream tycoon, in October 1990, various parties interested in his estate – including plaintiff, the T&A Foundation, and until her death in 1998, his widow Agnes Carvel ("Agnes") – have engaged in extensive, contentious litigation before the Surrogate's Court and elsewhere. In April 2002, the Surrogate's Court ruled that the T&A Foundation was the sole residual beneficiary of the Estate of Agnes Carvel. *In the Matter of the Application of the Thomas and Agnes Carvel Found.*, 8 Misc. 3d 1025 (Sur. Ct. Westchester Cty. 2002); *see also In re: Recognition of Foreign Judgment Pamela Carvel v. Estate of Agnes Carvel*, No. 05-5762, (Fla. Cir. Ct. Jan. 31, 2006). The Surrogate's Court further found that a 1995 will executed by Agnes Carvel which named Defendant, the Carvel Foundation, Inc.,[3] the sole beneficiary of the estate, violated a reciprocal will agreement executed by Agnes and Thomas Carvel in 1988. *Id.*

On or about July 24, 2003, the High Court ordered the Carvel Foundation to represent the Estate. In January 2004, the High Court issued the Foreign Judgment requiring defendant Carvel Foundation to pay plaintiff £8,085,095.51. (Pl's Mot. at Ex. C.) On or about April 14, 2005, the plaintiff filed an action in a Florida Circuit Court attempting to domesticate the Foreign Judgment. *In re: Recognition of Foreign Judgment Pamela Carvel v. Estate of Agnes Carvel*, No. 05-5762. Initially, the Florida Circuit Court entered an Order and Final Judgment domesticating the Foreign Judgment. However, on or about January 31, 2006, the Florida Circuit Court vacated its order

---

[3] A Florida not-for-profit corporation incorporated on or about July 7, 1995.

concluding that "there was strong evidence of a fraud upon the court perpetrated by [Pamela Carvel] in both the proceedings before the High Court and this Court." *In re: Recognition of Foreign Judgment Pamela Carvel v. Estate of Agnes Carvel*, No. 05-5762. Specifically, the High Court was unaware of plaintiff's status as a director of the Carvel Foundation, Inc., and that the Surrogate's Court found the T&A Foundation to be the sole residual beneficiary of the Estate. The T&A Foundation, an interested party, was not given notice of both the High Court and Florida proceedings. Furthermore, the Florida Circuit Court found that Pamela Carvel did not make an argument that the decisions rendered by the Surrogate's Court was obtained by fraud. *Id.*

Here, plaintiff is attempting to commit the same fraud upon this court. Plaintiff failed to provide notice to the interested intervening parties of this motion to confirm the same Foreign Judgment submitted to the Florida Circuit Court. Plaintiff also failed to notify the court of her prior attempts to domesticate and enforce the Foreign Judgment. Moreover, plaintiff failed to reveal that she has pursued similar or identical remedies in the New York Supreme Court, Nassau County, and a Florida Court. Plaintiff also failed to make any argument that any decision by the Surrogate's Court concerning the Estate of Agnes Carvel was obtained by fraud.

Furthermore, as a result of plaintiff's numerous attempts to penetrate the New York Estate of Agnes Carvel through various state and federal courts and circumvent the Surrogate's Court's rulings, the Surrogate's Court issued a Temporary Restraining Order, which is still in effect, prohibiting plaintiff from:

> (1) taking any action in another court pertaining to or affecting the assets and property of the Estate [of Agnes Carvel], subject to the jurisdiction of this Court, including all assets and property of said Estate that are located in the State of New York, (b) taking any action to enforce the purported Judgment obtained by Pamela Carvel with regard to assets and property of the Estate [of Agnes Carvel], or (c)

5

> taking any action which interferes with Ross' possession, custody and
> control of the funds, assets or property of the Estate recovered by him
> or over which he has custody or control for the benefit of the Estate
> and/or (d) from representing to any entity that she has legal authority
> to act on behalf of the Estate in the State of New York.

The New York State Supreme Court, Nassau County issued a similar TRO "stay[ing Pamela Carvel] from proceeding to enforce or take any action with respect to any judgment with regard to or pertaining to the assets or property of the Estate [of Agnes Carvel], or taking any other action or proceedings to seize or interfere with the assets of the Estate [of Agnes Carvel]. . .." and transferred the matter to the Surrogate's Court. Not only are there two restraining orders prohibiting plaintiff from bringing such an action, plaintiff failed to disclose such orders to the court.

Litigation concerning the Estate of Agnes Carvel has been on-going for nearly sixteen years before the Surrogate's Court. To date, the Surrogate's Court has (1) appointed Intervenor Leonard Ross as Ancillary Administrator c.t.a. of the New York Estate of Agnes Carvel; (2) exercised custody and control over the New York Estate of Agnes Carvel; (3) found the T&A Foundation to be the sole beneficiary of the residual Estate of Agnes Carvel; (4) held that a 1995 will executed by Agnes Carvel which named the Carvel Foundation, Inc. the sole beneficiary of the Estate violated a reciprocal will agreement executed by Agnes and Thomas Carvel; (5) issued restraining orders prohibiting plaintiff from seeking the exact relief she seeks before this court; and (6) issued other decisions affecting the distribution and administration of the Estate of Agnes Carvel. Additionally, a trial that may potentially resolve all issues concerning the New York Estate of Agnes Carvel is currently scheduled for May 2006 before the Surrogate's Court. Thus, any exercise of jurisdiction by this court would inevitably and impermissibly interfere with the Surrogate Court's "probate proceedings," and custody and control over Agnes' New York Estate. *See Fay v. Fitzgerald*, 478

F.2d 181, 184 (2d Cir. 1973) (affirming dismissal of declaratory judgment action seeking declaration that common law wife of deceased is entitled to full state on grounds that state court would rule on such issues). Therefore, the probate exception applies and this matter is dismissed for lack of subject matter jurisdiction.

For the above reasons, the Intervenors' motion to dismiss is granted, and this case is accordingly dismissed in its entirety. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED:   Brooklyn, New York
         March 29, 2006

                                    /s/
                            DORA L. IRIZARRY
                          United States District Judge